IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIBERTY BELL EQUIPMENT CORPORATION t/a MEDCO, | : : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | NO. 18-3019 |
| v. | : | |
| | : | |
| COASTAL TOOL SUPPLY, LLC | : | |
| *Defendant*. | : | |

Jones, II    J.                                                                                            November 8, 2018

**<u>MEMORANDUM</u>**

Before the Court is Plaintiff Liberty Bell Equipment Corporation t/a MEDCO's ("MEDCO") Request for Entry of a Default Judgment for Sum Certain ("Request"). (ECF No. 5). MEDCO filed the Request pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, after obtaining an entry of default judgment following Defendant Coastal Tool Supply, LLC's ("Coastal Tool") failure to appear in this action. (ECF No. 5 – Affidavit in Support of Request for Default Judgment ("Affidavit"), ¶ 4). For the reasons that follow, the Court will deny MEDCO's Request, without prejudice, and grant MEDCO leave to amend the Complaint.

**S<span style="font-size:smaller">TANDARD OF</span> R<span style="font-size:smaller">EVIEW</span>**

Where the Clerk enters default pursuant to Federal Rule of Civil Procedure 55(a), the defaulting party may be subject to the entry of default judgment under Rule 55(b). The Clerk may enter default judgment under Rule 55(b)(1) if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Importantly, a plaintiff "cannot satisfy the certainty requirements simply by requesting a specific amount." *Butler v. Experian Information Solutions*, No. 14-07346, 2016 WL 4699702, at * 1 n. 2 (E.D. Pa. Sept. 7, 2016) (*quoting* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2683 (4th ed.). Rather, plaintiff

1

must demonstrate "that the amount requested is reasonable under the circumstances." *Holliday v. Cabreara & Associates, P.C.*, No. 05-0971, 2007 WL 30291, at * 1 (E.D. Pa. Jan. 4, 2007). If a plaintiff fails to request a sum certain or satisfy any of the other requirements provided for by Rule 55(b)(1), plaintiff "must apply to the court for a default judgment." Fed R. Civ. P. 55(b)(2), *accord Service Employees International Union Local 32BJ, District 36 v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 634 (E.D. Pa. 2018).

When a request for default judgment comes within a district court's purview under Rule 55(b)(2), the court, as a threshold issue, "must ascertain whether the unchallenged facts constitute a legitimate cause of action since the defaulting party has not admitted to mere conclusions of law" or allegations relating to the amount of damages. *Phoenix Ins. Co v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015) (*citing Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Afterward, whether a court should grant default judgment is governed by three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F. 3d 154, 164 (3d Cir. 2000) (*citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

Although default judgments serve an important purpose "as deterrents to delay in judicial proceedings, *Byrd v. Keene Corp.*, 104 F.R.D. 10, 11 (E.D. Pa. 1984), the Third Circuit Court of Appeals has repeatedly counseled that cases should be disposed of on the merits whenever practicable. *Catanzaro v. Fischer*, 570 Fed. Appx. 162, 165 (3d Cir. 2014) (*citing Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Moreover, "[m]atters involving large sums should not be determined by default judgments if it can be reasonably avoided. *ShamrockClean, Inc.*, 325 F. Supp. 3d at 635 (*citing Tozer v. Charles A. Krause Milling Co.*, 189 F. 2d 242, 245 (3d Cir. 1951).

2

**DISCUSSION**

MEDCO presently seeks entry of default judgment by the Clerk pursuant to Rule 55(b)(1), having properly obtained a default judgment in accordance with Rule 55(a). The Clerk referred the Request to the Court because the amount demanded therein is greater than that set forth in the Complaint. (*Comp*. ECF No. 1, *with* ECF No. 5). The Clerk did so in accordance with Rule 54(c), which requires that a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings."

After reviewing the Complaint, Request, and appended documents, the Court finds that the Request is not for a sum certain and cannot be made certain by computation. Moreover, the Court finds that the Request cannot be granted because the Complaint fails to meet the pleading requirements of Rule 8(a) and (9).

**I.     MEDCO's Request for Entry of Default Judgment is not for a Sum Certain**

MEDCO has asked the Court to enter judgment in its favor for $508,232.19 due to Coastal Tool's alleged breach of a credit agreement. Specifically, MEDCO has raised claims of breach of contract (Count I), account stated (Count II), unjust enrichment (III), and fraud (Count IV) due to Coastal Tool's alleged failure to pay for purchases made pursuant to a credit agreement. (*See* ECF No. 1, ¶¶ 6-35). In support of its claims, MEDCO attached to the Complaint what it claimed to be a statement of Coastal Tool's unpaid invoices from November 6, 2017 through May 23, 2018 (the "Statement") to support its demand of "$484,975.75[] plus applicable finance charges, interest, and the cost of disbursement of this action." (ECF No. 1, WHEREFORE clauses). (*Id*., ¶ 7; *see also, id.*, at Ex. A). MEDCO included a similar statement,

the only alleged difference being the inclusion of finance charges in the amount of $23,036.44, to the Request (the "Updated Statement"). (ECF No. 5, p. 2).

The Court reviewed the Complaint, Statement, Request, and Updated Statement, but was unable to determine how MEDCO reached the $508,232.19 figure. Not only does the Request include an amount greater than the demand in the Complaint without any support for how MEDCO computed the $23,036.44 in finance charges, it also fails to demonstrate why the amount requested is reasonable. Simply providing the Court with the conclusory statement that "the amount of $508,232.19 is justly due and owing," is the equivalent of simply "requesting a specific amount." *Butler,* 2016 WL 4699702, at * 1 n. 2. Accordingly, the Court finds that the Request does not seek "a sum certain or a sum that can be made certain by computation."

## II. The Complaint Fails to Meet the Pleading Requirements of 8(a) and 9

Having found the Request is not for a sum certain, the Request is now within the Court's purview under Rule 55(b)(2). For the reasons that follow, the Court finds that the Complaint fails to state a claim against Coastal Tool.

### A. Pleading Standard

It is axiomatic that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rather, "all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A complaint that sets forth facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 679. The Court is not required to accept as true "a legal conclusion couched as a factual allegation." *Id*. (internal quotation marks omitted). And where a complaint sets forth a claim for fraud, plaintiff must plead any relevant allegations with the degree of specificity required by Rule 9(b). Thus, at base, a plaintiff must, "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). against Coastal Tool.

### B. The Deficient Complaint

The Complaint fails to meet the requirements of Rules 8(a) and 9. The Court is unable to ascertain when, if at all, Coastal Tool breached the credit agreement purportedly at issue, and thereby perpetuated a fraud and became unjustly enriched.

MEDCO alleges that it entered into a credit agreement with Coastal Tool in 2008 that allowed Coastal Tool "to purchase automotive parts and tools for its business from MEDCO on credit." (ECF No. 1, ¶ 6). Between November 6, 2017 and May 23, 2018, MEDCO made 2423 separately invoiced purchases on its open account without making any payment. (*Id*., ¶¶ 7, 12). "[O]n June 4, 2018, MEDCO sent CTS [Coastal Tool] an electronic mail (email) demanding payment on the past due accounts." (*Id*., ¶ 10). However, "[a]t no time to the present" did Coastal Tool make "any payment or attempt to pay on the aforementioned open account or on

5

any of the outstanding invoices." (*Id*., ¶ 12). And, "[e]ach failure by Defendant to make timely payments in response to each of the outstanding invoices constitutes a separate breach of the contract by Defendants [sic]." (*Id*., ¶ 18).

Taking as true the aforementioned factual allegations leaves the Court in a quandary as to when the purported breach or breaches of the credit agreement occurred. Although Coastal Tool apparently did not make any payments on its "open account" from November 6, 2017 until May 23, 2018, it was not until June 4, 2018 that MEDCO made a demand for payment. However, MEDCO alleges both that Coastal Tool's failure to comply with the June 4th demand as well as its failure to "to make timely payments in response to each of the outstanding invoices" constituted breaches of the credit agreement. (*See id*., ¶¶ 10, 18). As MEDCO did not append the credit agreement to its Complaint or explain how the "open account" worked and when invoiced amounts became due, the Court has no means of determining when the breach or breaches occurred. Moreover, MEDCO alleges that "[a]t no time to the present point has Defendant made any payment or attempt to pay on the aforementioned open account or on any of the outstanding invoices," however, there are "credit[s]" listed on the Statement for amounts that appear to be payments made by Defendant. (*See id.*, pp. 13 (11/22/17 - $5,248.01), 54 (1/11/18 - $33,844.76)).

As the Court need not accept legal conclusions or contradictory and conclusory allegations as true, the Court cannot without more, find that the Complaint states a legitimate cause of action for breach of contract. MEDCO must plead in such a way as to demonstrate an entitlement to relief. However, relief cannot be awarded on a breach of contract claim, where the crux of the allegations are legal conclusions stating that a breach occurred. Accordingly, the Court finds that MEDCO has failed to meet Rule 8(a)'s pleading requirements as to its breach of

any of the outstanding invoices." (*Id*., ¶ 12). And, "[e]ach failure by Defendant to make timely payments in response to each of the outstanding invoices constitutes a separate breach of the contract by Defendants [sic]." (*Id*., ¶ 18).

Taking as true the aforementioned factual allegations leaves the Court in a quandary as to when the purported breach or breaches of the credit agreement occurred. Although Coastal Tool apparently did not make any payments on its "open account" from November 6, 2017 until May 23, 2018, it was not until June 4, 2018 that MEDCO made a demand for payment. However, MEDCO alleges both that Coastal Tool's failure to comply with the June 4th demand as well as its failure to "to make timely payments in response to each of the outstanding invoices" constituted breaches of the credit agreement. (*See id*., ¶¶ 10, 18). As MEDCO did not append the credit agreement to its Complaint or explain how the "open account" worked and when invoiced amounts became due, the Court has no means of determining when the breach or breaches occurred. Moreover, MEDCO alleges that "[a]t no time to the present point has Defendant made any payment or attempt to pay on the aforementioned open account or on any of the outstanding invoices," however, there are "credit[s]" listed on the Statement for amounts that appear to be payments made by Defendant. (*See id.*, pp. 13 (11/22/17 - $5,248.01), 54 (1/11/18 - $33,844.76)).

As the Court need not accept legal conclusions or contradictory and conclusory allegations as true, the Court cannot without more, find that the Complaint states a legitimate cause of action for breach of contract. MEDCO must plead in such a way as to demonstrate an entitlement to relief. However, relief cannot be awarded on a breach of contract claim, where the crux of the allegations are legal conclusions stating that a breach occurred. Accordingly, the Court finds that MEDCO has failed to meet Rule 8(a)'s pleading requirements as to its breach of

contract claim. Moreover, because Plaintiff's claims of account stated, unjust enrichment, and fraud are predicated upon the breach of contract claim, the Court similarly finds the Complaint fails to state a claim as to those counts as well.

### III. The *Chamberlian* Test Weighs in Favor of Denying Plaintiff's Request

The Court will not end its inquiry on MEDCO's failure to meet Rules 8(a) and 9's pleading requirements, given the Third Circuit's application of the *Chamberlain* factors to both entries of default judgment and motions to set aside default judgment. *See Hill v. Williamsport Police Dept.*, 69 Fed. Appx. 49, 51, 53-54 (E.D. Pa. 2003) (Rendell, J., concurring)

Turning then to the first factor of prejudice to MEDCO if the default judgment is denied, the Court can find no discernible basis for finding prejudice to MEDCO given the deficient Complaint. At best, MEDCO could argue a delay in obtaining satisfaction on the alleged outstanding amounts due by Coastal Tool. However, as the Complaint does not demonstrate an entitlement to relief, this potential prejudice is without merit.

The second factor, whether Defendant has a litigable defense, is inconclusive because defendants have not filed an answer. *See Hill*, 69 Fed. Appx.49 at 52.

Finally, as to the third factor, the Court must consider whether the default resulted from Coastal Tool's culpable conduct. Culpable conduct is "conduct taken willfully or in bad faith.'" *Chamberlain*, 210 F. 3d at 164. The Court may not infer culpable conduct from a party's default and must find an independent basis in the record to support such a finding. *Eastern Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009). As there is no evidence of record regarding Coastal Tool's culpability other than the default itself, the Court finds that Coastal Tool, at most, has been negligent. However, because "'neglect alone cannot sustain a default judgment,'" this factor is also inconclusive. *Hritz*, 732 F.2d at 1183.

As the first *Chamberlain* factor weighs against MEDCO and the second two are inconclusive, the Court will err on the side of heeding the Third Circuit's counsel to avoid, where reasonable, awarding default judgments involving large sums of money. *Tozer*, 189 F. 2d at 245. MEDCO's request for entry of default judgment is thus denied.

**IV.     Conclusion**

Accordingly, the Court will deny MEDCO's Request for Entry of a Default Judgment and grant MEDCO leave to amend the Complaint within thirty (30) days, in accordance with the accompanying Order.  MEDCO may of course file for default judgment at some later date if, after filing an amended complaint, Coastal Tool still fails to appear and defend against this action.